Allan WHITE, Plaintiff–Appellant,

v.

Tom PHILLIPS, Warden; Charlie
Sprang, Assistant Deputy Warden,
Defendants–Appellees.

No. 03–2442.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2004.

Rehearing En Banc Denied Jan. 6, 2005.

Allan White, Thumb Correctional Facili-
ty, Lapeer, MI, pro se.

Linda M. Olivieri, Office of the Attorney
General Corrections Division, Lansing, MI,
for Defendants–Appellees.

Before SUTTON and COOK, Circuit
Judges; ALDRICH, District Judge.*

* The Honorable Ann Aldrich, United States
District Judge for the Northern District of
Ohio, sitting by designation.

## ORDER

Allan White, a Michigan state prisoner, appeals pro se a district court judgment in favor of defendants in a civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, White filed this complaint against a warden and an assistant deputy warden of the Michigan Department of Corrections (MDOC), in their individual capacities. White alleged that he was transferred to a different prison on August 14, 1997, in retaliation for his exercise of First Amendment rights and due to race and religious discrimination. He was transferred back to the original prison on September 2, 1997, based on a consent decree in another federal case which disallowed the transfer of prison legal writers for two years.

The assistant warden named as a defendant was no longer working for the MDOC, and was not served. The warden filed a motion for dismissal or summary judgment. White moved for discovery of the former assistant warden's address, which was denied. He did not respond to the defendant warden's dispositive motion. A magistrate judge recommended that summary judgment be granted to the defendant warden on the basis of qualified immunity, because White had not demonstrated the violation of a clearly established constitutional right; it was also recommended that the case be dismissed as to the former assistant warden due to failure of service. Over White's objections, the district court adopted the magistrate judge's recommendation, with the exception of his analysis of White's First Amendment retaliation claim. Although analyzing this claim under a different standard, the district court agreed that no constitutional violation had been established and granted judgment to the defendant warden, and dismissed the complaint as to the former assistant warden. White's motion for reconsideration was also denied.

On appeal, White reasserts his claims and argues that he should have been permitted to discover the former assistant warden's address.

Upon consideration, we conclude that summary judgment was properly granted to the defendant warden in this case because there was no genuine issue of material fact, and he was entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Defendant raised the issue of qualified immunity, and White failed to show a violation of clearly established law. *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir.1994).

To the extent that White raised a claim of a due process violation, the district court properly concluded that no liberty interest was implicated by White's transfer because no atypical and significant hardship resulted. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Although White asserted in a conclusory fashion that his transfer was based on race and religious discrimination, he failed to provide any evidence that his transfer was motivated at least in part by discriminatory intent. *Copeland v. Machulis*, 57 F.3d 476, 480–81 (6th Cir.1995).

The district court judge and the magistrate judge disagreed as to the standard applied to First Amendment retaliation claims at the time White was transferred, with the district court judge concluding that the "shocks the conscience" standard applied, relying on *Bell*

*v. Johnson*, 308 F.3d 594, 612 (6th Cir. 2002). However, they agreed that White failed to state a claim under either standard. We agree. White's transfer to another prison did not meet the "shocks the conscience" standard. And under the review applied by the magistrate judge, White was required to establish that he engaged in protected conduct, defendants took an adverse action against him, and the protected conduct motivated the adverse action. *Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir.2002), *cert. denied*, 540 U.S. 823, 124 S.Ct. 154, 157 L.Ed.2d 44 (2003). Even if the transfer could be regarded as an adverse action, White failed to show that retaliation motivated the transfer decision. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir.2001).

Finally, because there was no genuine issue of material fact as to whether White's constitutional rights were violated by his transfer, the dismissal of the complaint as to the former assistant warden for failure of service did not prejudice White. Had he been permitted to discover the defendant's address and effectuate service, summary judgment for that defendant would have been proper for the same reasons discussed above.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.